IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GRAHAM PACKAGING COMPANY, LP,**
**Employer Below, Petitioner**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-95**          (JCN: 2024015493)

**CRYSTAL D. BARNES,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Graham Packaging Company, LP ("Graham") appeals the March 4, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Crystal D. Barnes timely filed a response.[1] Graham did not reply. The issue on appeal is whether the Board erred in finding that the claim administrator's rejection of the claim was unreasonable and granting Ms. Barnes' petition for reasonable attorney fees and costs.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Barnes completed an Employees' and Physicians' Report of Occupational Injury form dated February 29, 2024. Ms. Barnes alleged an injury to her right shoulder and back on February 26, 2024, when lockers fell on her while at work. A medical provider at MedExpress completed the Physicians' portion of the form and indicated that Ms. Barnes sustained injuries to her right shoulder, arm, and neck as a direct result of an occupational injury.

Ms. Barnes was seen at East Liverpool City Hospital on February 26, 2024. She reported that a section of four lockers fell on her, pinning her to the floor while at work. The diagnosis was closed head injury, cervical strain, lumbar sprain, and right shoulder contusion. An x-ray of the lumbar spine revealed discogenic disease from L4 to S1. An x-ray of the right shoulder revealed no acute osseous findings and minimal degenerative

---

[1] Graham is represented by James W. Heslep, Esq., Jenkins Fenstermaker, PLLC. Ms. Barnes is represented by Sandra K. Law, Esq., Schrader Companion Duff & Law, PLLC.

changes. A CT scan of the head revealed no acute intracranial findings. A CT scan of the cervical spine revealed no acute osseous findings.

On February 29, 2024, Ms. Barnes was seen at MedExpress. She presented with right upper extremity and neck pain. The assessment was an injury of the right shoulder and strain of neck muscle. On March 7, 2024, Ms. Barnes returned to MedExpress and reported that her symptoms had not improved, and that her shoulder and neck were giving her migraines. Personnel at MedExpress placed Ms. Barnes on modified duty and referred her to an orthopedic surgeon.

Graham submitted an internal investigative report of the incident completed by Craig Tripp, the maintenance manager, on March 12, 2024. The report noted that several employees heard a crash from inside the restroom where the lockers are located on the date of the incident. Further, several employees opened the door and saw Ms. Barnes holding the lockers up at an angle. The report noted that the lockers were not attached to a wall and had two boxes of extra flooring propping them up because the lockers had no back legs. The report indicates that the locker hit and broke the front cover of the toilet paper dispenser and left a scratch and dent on the door. Ms. Barnes indicated to her union representative on the date of the incident that she went to retrieve a hair tie from the top of her locker, when the locker tipped over and fell on her. The report ultimately concluded that due to the measurements of the room, the locker could not have fallen completely on top of Ms. Barnes.

On March 12, 2024, Shane Dhayer, the Production Manager at Graham, gave a written statement regarding the events of February 26, 2024. Mr. Dhayer indicated that Ms. Barnes came to him in the Production Office between 9:00 and 9:30 a.m. and told him that the locker in the women's locker room fell on her when she was going to get a hair tie. Ms. Barnes stated that she thought she was okay, but then her shoulder started to feel like it was on fire. Mr. Dhayer indicated that he drove Ms. Barnes to the hospital around 10:00 a.m.

On March 12, 2024, the claim administrator issued an order denying Ms. Barnes' claim on the basis that she did not suffer a compensable injury within the meaning of the Workers' Compensation Act. Ms. Barnes protested this order to the Board.

On June 3, 2024, Ms. Barnes was deposed, and testified that on February 26, 2024, she went to get a hair tie out of her locker when it fell over and knocked her into the brick wall behind her. Ms. Barnes stated that she was pinned between the lockers, the wall, and the floor. Further, Ms. Barnes indicated that the locker contacted her right shoulder and that she hit her head and back against the wall. Ms. Barnes stated that she did not think she was injured until about an hour and a half later, when her head and the top of her back between her shoulder blades and her right shoulder began to hurt.

On October 2, 2024, the Board issued an order that reversed the claim administrator's order and held the claim compensable for cervical strain and right shoulder

contusion. The Board remanded the claim to the claim administrator with instructions to issue a protestable order addressing Ms. Barnes' entitlement to temporary total disability benefits.

On November 19, 2024, Ms. Barnes filed an Allegation of Unreasonable Denial pursuant to West Virginia Code of State Rules § 102-1-18 (2022) and West Virginia Code § 23-2C-21 (2022), in which she argued that the claim administrator was without a legal or factual basis for denying her claim. Ms. Barnes sought attorney fees and costs.

On March 4, 2025, the Board issued an order granting Ms. Barnes' petition for attorney fees. The Board found that the claim administrator's rejection of the claim was unreasonable within the meaning of West Virginia Code § 23-2C-21(c). It is from this order that Graham now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Graham argues that the Board erred in awarding attorney's fees because clear factual and legal bases exist for the denial of Ms. Barnes' application for benefits. Graham argues that the claim administrator's denial of the claim was properly based upon Ms. Barnes' initial treatment records and Graham's internal investigation reports regarding the alleged injury. We disagree.

West Virginia Code § 23-2C-21(c) provides:

Upon a determination by the. . .[Board of Review]. . .that a denial of compensability, a denial of an award of temporary total disability, or a denial of authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim. . . the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization.

Here, the Board found that the claim administrator did not demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial, which is relevant and probative and supports the denial of the claim.[2] The Board noted that the initial treatment notes from East Liverpool City Hospital indicate that lockers fell on Ms. Barnes and that she had a closed head injury, cervical strain, lumbar strain, and right shoulder contusion. Further, the Board found that the investigative report shows that the locker hit and broke the front cover of the toilet paper dispenser and left a scratch and dent on the door. The Board concluded that the investigative report does not provide a factual basis for rejecting the claim.

Graham argues that the claim administrator had a proper basis to deny the claim based on the initial medical records, which did not document any swelling or bruising. However, the medical records from East Liverpool City Hospital indicate that Ms. Barnes was diagnosed with a closed head injury, cervical strain, lumbar strain, and shoulder contusion on the date of the injury. Further, a physical examination at MedExpress revealed pain and tenderness in the neck with movement, limited range of motion in the right shoulder and neck, and tenderness in the cervical spine. These records are consistent with Ms. Barnes' statements regarding the injury.

---

[2] West Virginia Code of State Rules § 102-1-18.4 provides:

A denial shall be unreasonable if the denial by the private carrier or self-insured employer is without a legal or factual basis. The legal basis for a denial may be based upon any of the following: statutes; rules of the Insurance Commissioner; case law; or in the absence of relevant West Virginia case law, recognized legal treatises on workers' compensation. The mere fact that a denial decision is eventually reversed or overturned upon appeal does not prove or imply that the denial decision was unreasonable.

4

Likewise, we do not find merit in Graham's argument that the internal investigative report indicates that the injury did not occur as described by Ms. Barnes. The report indicates that the lockers fell low enough to have broken the toilet paper dispenser. In addition, the investigation report acknowledges that witnesses heard the crash when the lockers fell and responded quickly to discover Ms. Barnes trying to hold the lockers up. Thus, the investigative report did not provide a reasonable basis for the claim administrator's denial of the claim.

After review, we conclude that the Board was not clearly wrong in its findings that the claim administrator's rejection of the claim was unreasonable pursuant to West Virginia Code § 23-2C-21(c), and attorney's fees and costs are appropriate in this case. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in granting Ms. Barnes' petition for attorney fees and costs.

Accordingly, we affirm the Board's March 4, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5